THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LINDA STAFFORD,            )
                           )
    Plaintiff,             )
                           )
    v.                     ) CASE NO.:
                           )
NATIONAL RAILROAD PASSENGER)
CORPORATION d/b/a AMTRAK,  )
                           )
    Defendant.             )
                           ) 1:11-cv-0113 WTL-MJD

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Linda Stafford (hereinafter "Ms. Stafford"), by counsel, files her complaint for damages and injunctive relief against Defendant National Railroad Passenger Corporation *d/b/a* Amtrak (hereinafter "Amtrak") and in support of her action states as follows:

### NATURE OF THE CASE

1. This complaint is filed by Ms. Stafford, an African American employee of Amtrak. Ms. Stafford brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. Ms. Stafford is alleging violations of her rights, on account of her race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), as amended, 42 U.S.C. § 1981, Indiana Civil Rights Law I.C. 22-9-1 and common law.

### JURSIDICTION AND VENUE

3. Jurisdiction of this Court is proper under § 706 of Title VII, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991. In addition, jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(f).

4. Jurisdiction of the claims under Indiana Code § 22-9-1 and the common law causes of action is invoked pursuant concurrent subject matter jurisdiction and this Court's jurisdiction over the parties.

5. Venue herein is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-(5)(f)(3) since the actions complained of herein arose in the State of Indiana.

6. Ms. Stafford filed charges with the Equal Employment Opportunity Commission and received a Notice of Right to Sue dated October 26, 2010. This complaint is filed within ninety (90) days of receipt of said notice.

## PARTIES

7. Ms. Stafford is an African American female citizen of the United States and a resident of Marion County, Indiana.

8. Amtrak is a corporation doing business in the southern District of Indiana and is subject to the jurisdiction of this Court.

9. Amtrak is an employer within the meaning of 42 USC §2000e-b.

10. Mr. Stafford is an employee of Amtrak as defined under 42 USC §2000e-2(a)(1), (2).

## FACTS

11. Ms. Stafford currently works at the Amtrak facility located in Beech Grove, Indiana.

12. She was hired by Amtrak on March 1, 1979 and has worked for the company for nearly thirty-two (32) years.

13. During her three decades of employment, with Amtrak, Ms. Stafford received regular raises and always performed to the satisfaction of her employer.

14. Since 1989 Ms. Stafford has applied to more than a dozen management positions and has never received a managerial job offer.

15. Ms. Stafford has noted that other African American employees are also being denied management opportunities by Amtrak.

16. Ms. Stafford's Caucasian co-workers, with less seniority within the company, less experience and fewer qualifications than Ms. Stafford, continue to be promoted to management positions.

17. Management employees receive an increase in their pay, and also qualify for other employment benefits such as increased number of vacation days and matching retirement plan contributions.

18. As a result of the denied promotions, Ms. Stafford suffered a loss of income and fringe benefits.

19. As a result of the acts of discrimination, Ms. Stafford suffered emotional harm and harm to her reputation.

20. Amtrak's acts of discrimination were performed with malice and reckless indifference to Ms. Stafford's protected civil rights.

## COUNT I
## (Title VII)

21. Ms. Stafford repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this Complaint with the same force and effect as if set forth herein.

22. Ms. Stafford is an African American and is therefore a member of a protected class.

23. Ms. Stafford was satisfying Amtrak's legitimate expectations in the positions she has held and continues to hold, with the company.

24. Amtrak failed to give Ms. Stafford regular raises, bonuses and promotions while giving Caucasian employees with equal or lesser qualifications regular raises, bonuses and promotions.

25. Amtrak has discriminated against Ms. Stafford in the terms and conditions of her employment with respect to compensation, terms, conditions, privileges of employment and failure to promote, with malice and reckless indifference to her federally protected rights, on the basis of her African American race in violation of Title VII, as amended, 42 USC §2000e-2(a)(1).

26. Ms. Stafford is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Amtrak's discriminatory practices unless and until this Court grants relief.

## COUNT II
### (Section 1981)

27. Ms. Stafford repeats and realleges each and every allegation contained in paragraphs 1 through 26 of this Complaint with the same force and effect as if set forth herein.

28. Amtrak has discriminated against Ms. Stafford by violating her right to make and enforce contracts, including but not limited to denying her privileges, terms and conditions given to Caucasian employees in violation of 42 USC § 1981(a).

29. As a direct and proximate result of said acts, Ms. Stafford has suffered and continues to suffer loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

## COUNT III
### (Disparate Impact)

30. Ms. Stafford repeats and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as if set forth herein.

31. Ms. Stafford alleges that Amtrak maintains a pattern and practice of discrimination in employment on the basis of race. As part of that pattern and practice, Amtrak:

(a) Places a higher proportion of Caucasian employees in executive and managerial positions than African-American employees;

(b) Relegates African-American employees disproportionately to jobs with less responsibility, pay, prestige and prospects for promotion than those held by equally qualified Caucasian employees;

(c) Fails to accord African-American employees the rank, title and recognition commensurate with their duties and responsibilities;

(d) Hires Caucasians initially at higher salaries and into jobs with better opportunities for promotion than African-Americans;

(e) Pays African-Americans and Caucasians with equal qualifications and seniority unequal salaries;

(f) Pays African-American employees fewer and lower merit raises and raises for promotion than it pays Caucasian employees;

(g) Fails to maintain a disciplinary, promotion and demotion policy based on objective job-related criteria that are uniformly applies to African-American and Caucasian employees.

32. Ms. Stafford has been personally affected by Amtrak's disparate treatment due to her race.

33. Amtrak's differential treatment was caused by purposeful or intentional discrimination.

34. Ms. Stafford suffered damages as a result of the disparate treatment.

## COUNT IV
### (Indiana Civil Rights Law)

35. Ms. Stafford repeats and realleges each and every allegation contained in paragraphs 1 through 34 of this Complaint with the same force and effect as if set forth herein.

36. The above acts and practices of Amtrak constitute unlawful discriminatory employment practices within the meaning of Indiana Civil Rights Law pursuant to Indiana Code § 22-9-1.

37. As a direct and proximate result of said acts, Ms. Stafford has suffered and continues to suffer loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation.

## COUNT V
## (IIED)

38. Ms. Stafford repeats and realleges each and every allegation contained in paragraphs 1 through 37 of this Complaint with the same force and effect as if set forth herein.

39. Amtrak's acts of discrimination and retaliation were performed with malice and reckless indifference to Ms. Stafford's protected civil rights.

40. As a direct and proximate result of said acts, Ms. Stafford has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ms. Stafford demands a trial by jury in this action on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Linda Stafford, by counsel, respectfully prays this Court:

(a) Enter a judgment declaring that the acts and practices of Amtrak are in violation of the law of the United States;

(b) Issue a permanent injunction:

1. Requiring Amtrak to abolish race discrimination within and among its departments and positions by means of an affirmative action plan, giving preference to members of the African-American class, specifically Ms. Stafford, in establishing goals and time tables for the hiring, placement, and promotion of African-American employees;

2. Requiring Amtrak to accord Ms. Stafford and other African-American employees a salary, merit increases, responsibilities and assignments commensurate with their position;

3. Requiring Amtrak to make prospective and restrospective monetary awards to Ms. Stafford;

4. Requiring Amtrak to pay Ms. Stafford compensatory and punitive damages;

5. Requiring Amtrak to refrain from using subjective selection criteria for hiring, promoting and assignment employees that have a differential impact on African-Americans.

(c) To award Ms. Stafford under Title VII all the pay and fringe benefits she has lost as a result of Amtrak's unlawful discrimination against her;

(d) To award Ms. Stafford, under Title VII and Section 1981, compensatory and punitive damages;

(e) Enter a judgment against the Amtrak in favor of Ms. Stafford in the amount of back pay and, if appropriate, front pay owed to the Ms. Stafford by virtue of failure to promote, together with prejudgment interest thereon at the applicable adjusted prime rates from the date on which such wages should have been paid, post-judgment interest, and all other

7

benefits incident to a promotion including appropriate adjustments to Ms. Stafford's retirement accounts, if any;

(f) Enter a judgment against Amtrak and in favor of Ms. Stafford for out of pocket expenses and incidental financial losses incurred by Ms. Stafford on account of Amtrak's unlawful and racially discriminatory employment practices as aforesaid;

(g) Enter a judgment against Amtrak and in favor of Ms. Stafford for compensatory damages and punitive damages;

(h) Enter a judgment for Ms. Stafford of the reasonable attorney's fees and costs pursuant to § 706(k) of Title VII, 42 USC §2000e-5(k); and

(i) Award Ms. Stafford such further and additional relief as the Court may deem just and proper.

Date: January 24, 2011

Respectfully submitted,

_____
Diamond Z. Hirschauer
The Law Offices of Diamond Z. Hirschauer PC
151 N. Delaware St. Ste. 1620
Indianapolis IN 46204
T: 317-632-9394
F: 317-632-9395
DZHirschauer@dzhlaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Complaint and Prayer for Jury Trial* has been served upon the following this 24th day of January, 2011, via certified mail:

Mr. Joseph H. Boardman
Amtrak President and CEO
60Massachusetts Ave. NE
Washington DC 20002

Jacqueline Clay
Human Resources
Amtrak National Railroad Passenger Corp.
Congress Center
525 W. Van Buren
Chicago IL 60607

_____
Diamond Z. Hirschauer

The Law Offices of Diamond Z. Hirschauer PC
151 N. Delaware St. Ste. 1620
Indianapolis IN 46204
T: 317-632-9394
F: 317-632-9395
DZHirschauer@dzhlaw.com

Attorneys for Plaintiff