UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA STAFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:11-cv-113-WTL-MJD |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORP. d/b/a AMTRAK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ENTRY ON MOTION TO DISMISS

Before the Court is the Defendant's Motion to Dismiss (Docket No. 10). This motion is fully briefed, and the Court, being duly advised, now **GRANTS IN PART AND DENIES IN PART** the Defendant's motion for the reasons, and to the extent, set forth below.

### I. RULE 12(b)(6) STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### II. BACKGROUND

The Plaintiff, Linda Stafford, is an African-American woman who has worked for

National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") for over thirty-two years. Throughout her employment, Stafford received regular raises and performed her job to the satisfaction of her employer. Since 1989, Stafford has applied for approximately twelve management positions; however, she has never received a managerial job offer. Caucasians who are less experienced, have less seniority, and who are less qualified than Stafford have been promoted into management positions. These individuals received increases in both pay and fringe benefits (e.g., additional vacation days, matching retirement plan contributions). Accordingly, in early 2011, Stafford filed this suit under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. She also brings state law claims for intentional infliction of emotional distress ("IIED") and violation of the Indiana Civil Rights Law ("ICRL"). Amtrak has now moved to dismiss Stafford's Complaint in its entirety.

### III.  DISCUSSION

Amtrak makes several arguments in support of its motion to dismiss: (1) pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the entire Complaint is deficient and must be dismissed; (2) to the extent they stem from conduct other than that listed in the EEOC charge, Counts I and III must be dismissed; (3) Stafford failed to exhaust under the ICRL so Count IV must be dismissed; and (4) Count V must be dismissed because Stafford fails to include "necessary" allegations. The Court will address these arguments in turn.

#### A.  *Twombly*, *Iqbal*, and Rule 12(b)(6)

The boundary between a well-pled complaint and an insufficient one under *Twombly* and its progeny is, quite frankly, still evolving and therefore somewhat blurry. While it may be

2

difficult for courts to articulate why a particular case falls on one side or the other of the line, the overriding principle of the new pleading standard is clear: notice pleading is still all that is required, and "a plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations and internal quotation marks omitted). The Plaintiff's Complaint satisfies this standard and is thus not subject to dismissal pursuant to *Twombly*.

By arguing to the contrary, Amtrak seeks to impose a pleading standard that is inconsistent with notice pleading. For example, Amtrak alleges that Stafford has not identified which, or how many, positions she applied for, when she applied for them, or why she thinks she did not get the positions. *See* Docket No. 20 at 2. Notice pleading does not require such specificity in non-complex cases, however. As noted in *Tamayo*, the Supreme Court's "explicit praise" of what is now Form 11 of the Federal Rules of Civil Procedure "illustrates that conclusory statements are not barred entirely from federal pleadings."

> The [*Twombly*] Court noted that a complaint of negligence in compliance with Form 9 provides sufficient notice to defendants, even though it alleges only that the defendant, on a specified date, "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway." *Bell Atlantic*, 127 S.Ct. at 1977; *see also Iqbal v. Hasty*, 490 F.3d 143, 156 (2d Cir.2007). To survive dismissal at this stage, the complaint need not state the respects in which the defendant was alleged to be negligent (i.e., driving too fast, driving drunk, etc.), although such specificity certainly would be required at the summary judgment stage. *Bell Atlantic*, 127 S.Ct. at 1977; *Iqbal*, 490 F.3d at 156. In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense.

*Tamayo,* 526 F.3d at 1084-85. Stafford has given Amtrak such notice in this case, and that is all that notice pleading requires of her.

### B. The EEOC charge

3

Amtrak next argues that the charge[1] that Stafford filed with the EEOC "alleges race discrimination with respect to promotion to only one position – Manager of Material Control. It does not contain allegations even remotely suggesting that Plaintiff was claiming discrimination with respect to any other positions or the existence of a pattern or practice of discrimination." Docket No. 11 at 5-6. Amtrak then asks the Court to dismiss any portion of Count I stemming from "promotion denial other than the Manger of Material Control position." *Id*. at 6. Similarly, Amtrak argues that any claims in Count III that are unrelated to the EEOC charge should be dismissed. *See id.* at 7-8.

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). However, "because most EEOC charges are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combined to form the basis of each claim in her complaint." *Id*.

> The test for determining whether an EEOC charge encompasses the claims in a complaint therefore grants the Title VII plaintiff significant leeway: all Title VII claims set forth in a complaint are cognizable that are "like or reasonably related

---

[1] Stafford did not attach the EEOC charge to her Complaint; however, Amtrak attached it to its motion to dismiss. Typically, when matters outside the pleadings are presented to the Court in conjunction with Rule 12(b)(6) motion, the Court either excludes the materials or converts the motion to dismiss into a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, in this case, neither exclusion nor conversion is required because the Seventh Circuit recognizes a narrow exception to Rule 12(d). *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). "Documents referred to in, but not attached to, a plaintiff's complaint that are central to its claim may be considered in ruling on a Rule 12(b)(6) motion if they are attached to the defendant's motion to dismiss." *Duferco Steel v. M/V Kalisti,* 121 F.3d 321, 324 n.3 (7th Cir. 1997); *see also Venture Ass'ns Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993). In the instant case, the EEOC charge is referenced in paragraph 6 of Stafford's Complaint and is central to her claims. Accordingly, the Court will consider this document without converting Amtrak's motion into a motion for summary judgment.

to the allegations of the charge and growing out of such allegations."

*Id*. (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)). The *Jenkins* test "is satisfied if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id*. The purpose of this rule is to "give the EEOC and employer an opportunity to settle the dispute and to give the employer fair notice of the conduct about which the employee is complaining." *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005).

Despite Amtrak's arguments to the contrary, the Court believes that the claims in Stafford's Complaint are reasonably related to the allegations in the EEOC charge. At this early stage of litigation the Court simply cannot say as a matter of law that the claims in Stafford's Complaint could not be expected to "grow out of" the allegations in her EEOC charge. The cases that Amtrak cites in support of its argument are wholly distinguishable from the instant case. Accordingly, this argument is unsuccessful.

## C.  The Indiana Civil Rights Law

In Count IV, Stafford purports to bring suit under the ICRL, IND. CODE 22-9-1-1 to -18. Amtrak moved to dismiss this cause of action because "[a] judicial action [under the ICRL] is possible only if probable cause has been found after investigation by the [Indiana Civil Rights Commission ("ICRC")] and the complainant and the respondent agree in writing to have the matter decided in court." Docket No. 11 at 8.

The ICRL provides a mechanism by which discrimination claims can be made to, investigated by, and resolved by the ICRC. Ordinarily, claims are resolved through an

administrative process and the ICRC's final determination is subject to limited judicial review. However, the administrative process can be bypassed in one narrow circumstance: if both the party making the complaint and the party responding to it agree in writing to have the matter decided in a court of law. IND. CODE 22-9-1-16(a) ("A respondent or a complainant may elect to have the claims that are the basis for a finding of probable cause decided in a civil action . . . . However, both the respondent and the complainant must agree in writing to have the claims decided in a court of law. The agreement must be on a form provided by the commission."); Kathryn E. Olivier, *The Effect of Indiana Code Section 22-9-1-16 on Employee Civil Rights*, 42 IND. L. REV. 441, 446-48 (2009) (discussing IND. CODE 22-9-1-16(a) and noting the limited availability of civil actions under the statutory scheme).

Stafford does not allege that she made such an election in this case. Therefore, to the extent that she seeks to pursue a claim under the ICRL independent of that under Title VII, she may not do so. Moreover, in light of the fact that Indiana courts "look[] to federal law for guidance" in resolving claims under the ICRL, *Filter Specialists, Inc. v. Brooks*, 906 N.E.2d 835, 839 (Ind. 2009), it is unclear to the Court why Stafford believes a claim under the ICRL would add anything to (or be resolved any differently than) her Title VII claim. Accordingly, Count IV of Stafford's Complaint is **DISMISSED**.

### D. Intentional infliction of emotional distress

Amtrak's final argument is that Count V of Stafford's Complaint should be dismissed for two reasons: (1) the conduct that Stafford alleges does not rise to a level supporting an IIED claim and (2) Stafford fails to "include the necessary allegation that anyone intended to cause her emotional distress." Docket No. 11 at 10.

Amtrak's first argument would be more appropriate in a motion for summary judgment and the Court will not decide it at this point of the litigation. Amtrak's second argument is equally unpersuasive because, as the Court explained above, Stafford's Complaint "must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through [her] allegations, show that it is plausible, rather than merely speculative, that [s]he is entitled to relief." *Tamayo*, 526 F.3d at 1083. Even with the "missing" allegation, Stafford's Complaint satisfies this standard and is thus not subject to dismissal.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss (Docket No. 10) is **GRANTED IN PART AND DENIED IN PART**.

SO ORDERED:  06/17/2011

*[signature]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.